**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

GINA DIPIETRO AND
BONNIE BLALOCK

CIVIL ACTION

VERSUS

16-566-SDD-RLB

HILTON COLE AND CITY
OF BATON ROUGE AND
EAST BATON ROUGE PARISH

**RULING**

This matter is before the Court on the *Motion to Dismiss and/or Motion for a More Definitive Statement*[1] filed by Defendants Hilton Cole ("Cole"), in his individual and official capacities, and the City of Baton Rouge/East Baton Rouge Parish ("the City/Parish" or collectively "Defendants"). Plaintiffs Gina Dipietro and Bonnie Blalock ("Plaintiffs") have file *Oppositions*[2] to the motion, to which Defendants filed a *Reply*.[3] For the reasons which follow, the *Motion to Dismiss* shall be GRANTED.

**I.    FACTUAL BACKGROUND**

Plaintiffs have alleged that, on July 22, 2015, East Baton Rouge Parish Animal Control and Rescue Center ("Animal Control") seized their pet pit bull after the dog escaped from his enclosure and allegedly bit two people.[4] Plaintiffs further allege that Animal Control

---

[1] Rec. Doc. No. 8.
[2] Rec. Doc. Nos. 25 & 26.
[3] Rec. Doc. No. 33.
[4] Rec. Doc. No. 1, ¶¶ 10 & 11.
40471

JURY

took action to classify the dog as a "Dangerous Dog" under Baton Rouge City Ordinance § 14:208(b).[5] Plaintiffs appealed this classification.[6] A hearing was held on August 18, 2015, and the Animal Control Appeals Committee upheld the "Dangerous Dog" classification.[7] Plaintiffs allege they had ten days to appeal the Appeals Committee decision.[8]

Before this ten days expired, Plaintiffs contend that, on August 25, 2015, Hilton Cole, Director of Animal Control, notified Plaintiffs that the dog would be declared a "Vicious Dog"[9] under the ordinance.[10] That same day, Plaintiffs' dog was allegedly seized from their custody[11] and, pursuant to the "Vicious Dog" classification, Plaintiffs were advised the dog was required to be euthanized.[12] Plaintiffs timely appealed this classification, and the matter was set for hearing on September 14, 2015.[13] At this hearing, the Committee reversed the "Vicious Dog" classification but upheld the "Dangerous Dog" classification, and Plaintiffs' dog was returned to them on that very date.[14]

Plaintiffs have alleged that, at some time between the first and second appeal hearings, Cole advised the residents of Quail Meadow Subdivision that he would declare

---

[5] *Id.* at ¶ 12. § 14:208(b) provides: "A dog may be classified as "dangerous" under any of the following circumstances: a. If the dog has attacked, caused serious injury or otherwise endangered the safety of human beings, or has a known propensity, tendency, or disposition to attack, to cause serious injury or to otherwise endanger the safety of a person who is conducting himself or herself peacefully and lawfully; b. If the dog has attacked, caused serious injury or death to a domestic animal; c. If the dog has previously been classified as "potentially dangerous," and one (1) additional but separate incident has occurred as set forth in subsection (a), level 1; d. If the dog has been owned or kept primarily or in part for the purpose of dog fighting; e. If the dog has upon recommendation by a law enforcement agency or an employee of the animal control and rescue center."
[6] *Id.*
[7] *Id.* at ¶¶ 13-15.
[8] *Id.* at ¶ 16.
[9] § 14:208(c)(1) provides: "A dog may be classified as "vicious" if said dog has: a. Attacked and caused severe and gross injuries or death to a human being; or b. Previously been classified as "dangerous" or "potentially dangerous" and an incident has occurred as set forth in subsection (a), or (b)."
[10] Rec. Doc. No. 1, ¶ 17.
[11] *Id.* at ¶ 36.
[12] *Id.* at ¶ 18.
[13] *Id.* at ¶¶ 19-20.
[14] *Id.* at ¶¶ 26-27.
40471

Plaintiffs' dog a "Vicious Dog" if the residents gathered sufficient community support.[15] Plaintiffs also allege that Cole or a member of his staff disclosed the September 8 hearing date to a local Metropolitan Councilman who sent e-mails advising certain residents of the subdivision notifying them of the hearing and requesting their attendance to support the "Vicious Dog" classification.[16]

Plaintiffs filed this lawsuit seeking relief pursuant to 42 U.S.C. §§ 1983 and 1985 for the alleged constitutional violations and wrongful acts committed by Cole, in his individual and official capacities as Direct of the East Baton Rouge Animal Control and Rescue Center, and the City of Baton Rouge/Parish of East Baton Rouge.

## II.     LAW AND ANALYSIS

### A.  Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[17]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[18]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[19]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

---

[15] *Id.* at ¶ 21.
[16] *Id.* at ¶¶ 21-22.
[17] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[18] *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[19] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co.*, 369 F.3d at 467).
40471

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[20]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[21]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[23]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[24]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[25]

### B. Motion For More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that a motion for more definite statement may be filed when "... a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading..." The standard for evaluating a motion for more definite statement is whether the complaint

---

[20] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[22] *Twombly*, 550 U.S. at 570.
[23] *Iqbal*, 556 U.S. at 678.
[24] *Taha v. William Marsh Rice University*, No. H-11-2060, 2012 WL 1576099 at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[25] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
40471

"is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[26]

When evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides in pertinent part: "A pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing the pleader is entitled to relief... ." Federal Rule of Civil Procedure 9(f), which should be read in conjunction with Rule 8, states that averments of time and place are material for the purpose of testing the sufficiency of a pleading; specific pleading of these averments, however, is not required.

A 12(e) motion is disfavored in that, "in view of the great liberality of F.R.Civ. P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss."[27] The availability of extensive discovery is another factor in the disfavored status of a motion for more definite statement. Such a motion is inappropriate where the information sought can otherwise be obtained by discovery.[28] When a defendant needs additional information to prepare for trial, discovery is the proper procedure rather than a 12(e) motion.[29] This motion is further disfavored when

---

[26] *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006)(quoting *Advanced Communications Technologies, Inc. v. Li,* No. 05 Civ. 4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005) (citing *Bower v. Weisman*, 639 F.Supp. 532, 538 (S.D.N.Y.1986))(internal quotation marks omitted).

[27] *Mitchell v. E–Z Way Towers, Inc.,* 269 F.2d 126, 132 (5th Cir. 1959); *See generally* 5A C. Wright & A. Miller, Federal Practice & Procedure § 1377 (2nd ed. 1990).

[28] *Babcock*, 235 F.R.D. at 633, citing *Gibson v. Deep Delta Contractors, Inc.*, No. 97–3791, 2000 WL 28174, at *6 (E.D.La. Jan. 14, 2000).

[29] *Federal Deposit Ins. Corp. v. Fidelity & Deposit Co. of Md.*, 118 F.R.D. 435, 437 (M.D.La. 1988). *See also Fleming v. Transocean Offshore USA Inc.*, No. 04–2740, 2004 WL 2984325, at *2 (E.D.La. Dec. 14, 2004); *Perrilloux v. BP Oil Co./Amoco*, No. 01-813, 2002 WL 746349, at *2 (E.D.La. April 25, 2002).

40471

"the particular information defendant is seeking is within defendant's own knowledge, which mitigates in favor of denying the motion."[30]

### C. Section 1985 Conspiracy Claims

Defendants move to dismiss the Section 1985 civil conspiracy claim brought by Plaintiffs. In their *Opposition*, Plaintiffs fail to oppose or even address this claim. Plaintiffs' failure to offer any argument or jurisprudence to dispute the Defendants' motion on the Section 1985 claim is fatal to this claim. In the Fifth Circuit, arguments not raised in opposition to a motion are waived.[31] Thus, this claim is hereby dismissed.

In the alternative, Defendants' motion to dismiss the Section 1985 claim should be granted for failure to state a claim. To properly state a claim under Section 1985(3), a plaintiff must allege not only the existence of a conspiracy, but also that the individuals involved possessed the "intent to deprive of equal protection, or equal privileges and immunities, mean[ing] that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."[32] "Mere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim."[33] Here, Plaintiffs' conspiracy allegation is conclusory and fails to meet the statutory requirements to adequately state a claim of conspiracy. Plaintiffs allege no supporting facts for their legal conclusion that the metro councilman conspired with Cole, stating only that

---

[30] *Babcock*, 245 F.R.D. at 633 (quoting *Concepcion v. Bomar Holdings, Inc.*, No. 89 civ 1676, 1990 WL 13257, at *2 (S.D.N.Y. 1990). *See also* 2 J. Moore, Moore's Federal Practice, § 12.36[3] (3d ed. 2010) ("the motion is even less well received when the movant simply seeks particularization of facts already known to it").

[31] *See Texas Commercial Energy v. TXU Energy, Inc.*, 413 F.3d 503, 510 (5th Cir. 2005)(citing *Norton v. Bank One, N.A.*, 387 F.3d 426, 435 (5th Cir. 2004).

[32] *Matthews v. Int'l House of Pancakes, Inc.*, 597 F. Supp. 2d 663, 674 (E.D. La. 2009) (quoting *Kush v. Rutledge*, 460 U.S. 719, 726 (1983)).

[33] D.*R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir.1992).

40471

the members of the subdivision simply received notice from the metro councilman. This is woefully insufficient to allege facts to support a conspiracy claim. Further, Plaintiffs wholly fail to allege any facts to suggest, much less establish, a class-based or discriminatory animus by Defendants as required by law. Accordingly, Plaintiffs' Section 1985 claim is dismissed with prejudice.

### D.  Section 1983 Due Process Claims

Section 1983 provides a cause of action against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another person's Constitutional rights. Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.[34] To state a Section 1983 claim, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[35] Plaintiffs allege that their procedural and substantive due process rights were violated by Defendants.

#### 1.  Procedural Due Process

Defendants moved to dismiss Plaintiffs' procedural due process claim arguing that such a claim is not cognizable when state law provides an adequate post-deprivation remedy. Defendants note Plaintiffs' admission that they were afforded post-deprivation remedies, in the form of Appeals Committee hearings, which ultimately resulted in the return of their dog. Defendants contend Plaintiffs have made no allegations that the hearing

---

[34] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).
[35] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).
40471

process did not provide them an opportunity to be heard in a meaningful time and manner. As with their Section 1985 claim, Plaintiffs failed to address or oppose this claim in their *Opposition.* While this alone warrants dismissal, the Court finds that Plaintiffs' procedural due process claim should also be dismissed for failure to state a claim.

Ordinarily, under the due process clause, the state may not take property from an individual without providing pre-deprivation notice and a hearing.[36] However, "[u]nder the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy."[37] This doctrine rests on the premise that, because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies for such conduct are not feasible.[38] In such a case, the provision of adequate state law post-deprivation remedies provides all of the due process that is required.[39]

Following the Appeals Committee hearing, the "Vicious Dog" classification was reversed, and Plaintiffs' dog was returned. Thus, because Plaintiffs admit they were afforded post-deprivation remedies, ultimately resulting in the return of their dog, Plaintiffs fail to state a claim for a violation of procedural due process, and this claim is dismissed with prejudice.

---

[36] *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

[37] *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995). *See Hudson v. Palmer*, 468 U.S. 517, 529-37 (1984); *Parratt v. Taylor*, 451 U.S. 527, 535-45 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). *See, also, Copsey v. Swearingen*, 36 F.3d 1336, 1342 (5th Cir. 1994) ("When a plaintiff alleges that he has been deprived of property because of the random and unauthorized acts of government officials and seeks a post-deprivation remedy, there is no denial of due process if the state provides adequate post-deprivation remedies.").

[38] *Zinermon v. Burch*, 494 U.S. at 128-32.

[39] *Id.*

40471

2. Substantive Due Process

The Fifth Circuit has held that, "[a] violation of substantive due process, for example, occurs only when the government deprives someone of liberty or property; or, to use the current jargon, only when the government works a deprivation of a constitutionally protected interest."[40] A "[s]ubstantive due process analysis is appropriate only in cases in which government arbitrarily abuses its power to deprive individuals of constitutionally protected rights."[41]

The Supreme Court has created different criteria to identify substantive due process violations depending on whether it involves legislation or "a specific act of a governmental officer that is at issue."[42] There are two tests to determine when a substantive due process violation has occurred: the "rational basis" test and the "shocks the conscience" test.[43] Although there is no bright-line rule about which test should be used, the Fifth Circuit has applied the "rational basis" test for broadly applicable government action, such as legislation, and the "shocks the conscience" test for government action affecting an individual or a narrow class.[44]

The facts alleged by Plaintiffs implicate an individualized government action; there are no facts alleged that would demonstrate a widespread pattern of the complained-of conduct. As such, to satisfy the conscience-shocking test, Plaintiffs will have the burden of demonstrating that the Defendants' actions were "arbitrary, or conscience shocking, *in a*

---

[40] *Simi Inv. Co., Inc. v. Harris County, Tex.*, 236 F.3d 240, 249 (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir.1988))(internal quotation marks and citations omitted)).
[41] *Id.*
[42] *Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).
[43] *Reyes v. N. Tex. Tollway Auth.*, 861 F.3d 558, 562 (5th Cir. 2017).
[44] *See id.* ("Although we have not always been transparent as to why we land on one test over the other, we have generally been consistent: government action that applies broadly gets rational basis; government action that is individualized to one or a few plaintiffs gets shocks the conscience.").
40471

*constitutional sense.*"[45]   There are no facts alleged by Plaintiffs that rise to the level of egregiousness that shocks the conscience.[46]   The seizure and re-seizure of Plaintiffs' dog to reclassify as vicious when Plaintiffs admit the dog had escaped and bitten two people is insufficient as a matter of law to satisfy the conscience shocking standard.

Further, to the extent Plaintiffs attempt to allege facts sufficient to demonstrate a broadly applicable government action, Plaintiffs fail to plead facts that would undermine the notion that the government action is "rationally related to a legitimate governmental interest."[47]   In *Hidden Oaks v. City of Austin,* the district court dismissed the plaintiffs' substantive due process claim, finding that the City's actions were "rationally related to ... protecting the health and safety of citizens," and that, "under the law, the City can't be unreasonable when they are enforcing safety and health codes."[48]   Applying the same analysis here, it is undisputed that the government has a strong interest in keeping unsafe dogs from harming the citizenry at large.   Plaintiffs simply plead no facts adequate to undermine the legitimate governmental interest associated with the seizure of their dog under the circumstances presented.   Accordingly, Plaintiffs' substantive due process claim is dismissed.

### E.  Section 1983 Municipal Liability Claim

Plaintiffs also assert a municipal liability claim against the City/Parish on a theory of *respondeat superior* under 42 U.S.C. § 1983.   However, any claim of *respondeat superior*

---

[45] *Sacramento v. Lewis*, 523 U.S. at 847 (emphasis added) (internal quotation marks omitted).

[46] *See Rochin v. California*, 342 U.S. 165 (1952) (Police forcibly pumped a suspect's stomach in an attempt to obtain evidence shocked the conscience.).

[47] *Cripps v. Louisiana*, No. 12-452-JJB, 2014 WL 2481840, at *9 (M.D. La. June 3, 2014), *aff'd sub nom*. *Cripps v. Louisiana Dep't of Agric. & Forestry*, 819 F.3d 221 (5th Cir. 2016) (quoting *Bush v. Gulfport*, 454 Fed. App'x. 270, 275–76 (5th Cir. 2011)).

[48] 138 F.3d 1036, 1041 (5th Cir. 1998) (internal quotations omitted).

40471

under Section 1983 is meritless and dismissed with prejudice as the law is abundantly clear that "a § 1983 claim cannot be based on the theory of *respondeat superior*."[49]

To succeed on a claim for municipal liability, Plaintiffs must identify: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom."[50] The existence of a policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority.[51] While "a single decision by a policy maker may, under certain circumstances, constitute a policy for which a [municipality] may be liable,"[52] this "single incident exception" is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker.[53]

For the second requirement, "[a]ctual or constructive knowledge of [a] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."[54] The Fifth Circuit has long distinguished between final decision making authority and final policymaking authority.[55] A municipal policymaker is someone who has "the responsibility for making law or setting policy in any given area of a local government's business."[56] "Municipal liability attaches only where the decision

---

[49] *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").

[50] *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010)(citations omitted).

[51] *Id.* at 542 (citing *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir.2003)).

[52] *Brown v. Bryan County*, 219 F.3d 450, 462 (5th Cir.2000).

[53] *Valle*, 613 F.3d at 542 (citing *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir.2008) (citing *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir.2005))).

[54] *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir.1984) (*en banc*).

[55] *See Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1247 (5th Cir.1993) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 n. 12, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)).

[56] *Praprotnik*, 485 U.S. at 125.

40471

maker possesses final authority to establish municipal policy with respect to the action ordered."[57]   Whether an official possesses final policymaking authority for purposes of municipal liability is a question of state and local law.[58]

The third prong requires a plaintiff to prove "moving force" causation. To succeed, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."[59]   Thus, "the plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision."[60]   Deliberate indifference is a high standard—"a showing of simple or even heightened negligence will not suffice."[61]

Plaintiffs' *Complaint* is deficient for every requirement necessary to plead municipal liability.  First, Plaintiffs fail to identify a specific policy or custom they claim to have violated the Constitution.  Rather, Plaintiffs argue that it is the lack of a policy or promulgated rules and procedures that caused their alleged deprivation.[62]   To the extent Plaintiffs allege that the lack of promulgated policies and rules amounts to a custom, the law is clear that "[a] plaintiff may not infer a policy [or custom] merely because harm resulted from some interaction with a governmental entity."[63]   Plaintiff has likewise failed to plead any facts to show a pattern of conduct similar to the harm alleged.  While Plaintiffs argue in their

---

[57] *Pembaur*, 475 U.S. at 481.
[58] *Id.* at 482.
[59] *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).
[60] *Id.* at 411.
[61] *Piotrowski v. City of Houston,* 237 F.3d 567, 579 (5th Cir. 2001)(quoting *Brown*, 520 U.S. at 407).
[62] *See* Rec. Doc. No. 1, ¶ 38.
[63] *Colle v. Brazos County, Tex.*, 981 F.2d 237, 245 (5th Cir. 1993) (citing *Oklahoma City v. Tuttle,* 471 U.S. 808 (1985)(holding as improper jury instructions that permitted jurors to infer the existence of improper policies from a single unconstitutional act)).
40471

*Opposition* that they "will prove that the actions of Mr. Cole were customary in his position,"[64] they have failed to plead known facts demonstrating this alleged custom.

Second, Plaintiffs have not alleged in their *Complaint* that Defendant Cole is a policymaker. Plaintiffs argue in their *Opposition* that, "[g]iven his position, [Cole] was a policymaker in every true sense of the word, and utilized his apparent authority to establish policy in the absence of promulgated rules."[65] However, arguments of counsel in a brief are not a substitute for properly pleaded allegations, and "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss."[66] Further, Plaintiffs' conclusory argument that Cole is a policymaker does not make it so. A policymaker is someone who has been delegated final authority by the municipality to make law.[67] Whether an official possesses final policymaking authority for purposes of municipal liability is a question of state and local law.[68]

Baton Rouge City Ordinance § 14:110 describes the Animal Control Director as one "whose powers, duties and responsibilities shall be delegated to him by the council and the mayor-president and who shall be responsible to the council and the mayor-president in the discharge of such duties and responsibilities." While the language of the ordinance may suggest delegation of final policymaking authority, the Fifth Circuit in *Advanced Tech. Bldg. Sols. v. Jackson* expanded the definition to include the "right of final review."[69] In *Advanced*

---

[64] Rec. Doc. No. 25, p. 5.
[65] *Id.*
[66] *Becnel v. St. Charles Par. Sheriff's Office*, No. 15-1011, 2015 WL 5665060, at *1 (E.D. La. Sept. 24, 2015) (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) (collecting cases)). Because a Rule 12(b)(6) motion tasks the Court with "assess[ing] the legal sufficiency of the complaint," the Court does not consider allegations that appear for the first time in plaintiffs' briefing. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012).
[67] *See Valle*, at 542.
[68] *Id.*
[69] *Advanced Tech. Bldg. Sols. v. Jackson*, 817 F.3d 163, 166 (5th Cir. 2016).
40471

*Tech.*, the court had to determine whether the city council or the mayor had the final authority to make funding decisions. Although the mayor was entitled to veto the decisions of the city council, the council had the power of veto-override (through Miss. state law). Thus, the court concluded: "[b]ecause the council has the right of final review, it is the final policymaker."[70]  Similarly, the East Baton Rouge city code explicitly states that "[a]ll decisions by the animal classification appeals committee shall be final and binding."[71] Therefore, as a matter of local law, the Appeals Committee holds the "right of final review" and is the final policymaker in this case.

Finally, even if Cole is a policymaker for the City/Parish, Plaintiffs have failed to allege a constitutional deprivation for the reasons set forth above in consideration of their due process claims.  The rules associated with the hearings did not result in the deprivation of Plaintiffs' dog. Plaintiff's municipal liability claim under Section 1983 is dismissed with prejudice.

---

[70] *Id.*

[71] East Baton Rouge, La., Mun. Code § 14:208 (2017), https://library.municode.com/la/baton_rouge,_east_baton_rouge_parish/codes/code_of_ordinances?nodeId=TIT14AN_CH2KEDOAN_PTIDOCA_S14_208PODADODADOVIDO.

40471

## III.    CONCLUSION

For the foregoing reasons, Defendants' *Motion to Dismiss*[72] is GRANTED.   The Court finds that any amendment would be futile in this matter considering the law applicable to Plaintiffs' claims.   Accordingly, Plaintiffs' claims are DISMISSED with prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 13, 2017</u>.

 

 

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[72] Rec. Doc. No. 8.

40471